IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ERIC FLORES,**

  **Plaintiff,**

v.               Case No. 2:15-cv-14055

**UNITED STATES ATTORNEY GENERAL and
FEDERAL BUREAU OF INVESTIGATION,**

  **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the *pro se* plaintiff, Eric Flores's (hereinafter "Flores") Petition to Challenge the Constitutionality of the First Amendment (ECF No. 2). This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because Flores is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim

lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A.  This Complaint is frivolous.

The plaintiff has filed two prior Complaints in this United States District Court (*Flores v. United States Attorney General et al.*, No. 2:13-cv-05324 and *Flores v. United States Attorney General et al.*, No. 2:14-cv-03647). Both of those prior civil actions, which were assigned to the Honorable Thomas E. Johnston, United States District Judge, were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A review of the federal courts' PACER docketing system reveals that the plaintiff had also filed the same or similar Complaints in at least 31 other federal district courts. *See Flores v. United States Attorney General et al.*, No. GJH-15-3007, 2015 WL 13235211, *2 n.2 and n.3 (D. Md. Dec. 18, 2015). Additionally, the plaintiff has had monetary sanctions and filing restrictions imposed upon him in the Western District of Texas and the United States Court of Appeals for the Fifth Circuit, where this abusive and frivolous litigation apparently originated. *Flores v. United States Attorney General et al.*, No. GJH-15-3007, 2015 WL 13235211, *2 and 3 n.4 (D. Md. Dec. 18, 2015).[1]

The current Complaint/Petition, which is 64 pages in length[2], alleges that Flores and sixteen other Mexican-American citizens (both living and deceased) who reside or resided either in El Paso or Austin, Texas, and for whom he seeks class certification, have been subjected to retaliation and unlawful interference with criminal prosecutions and civil actions filed in federal courts, conditions of confinement in federal correctional facilities in the State of Texas, freedom of speech, religious practices and beliefs, and the

---

[1] Flores has also been barred from proceeding *in forma pauperis* in new civil cases filed in the Supreme Court of the United States. *Id.* at n. 4.
[2] Because the Complaint is lengthy, the undersigned summarizes its provisions and provides only some examples of Flores's allegations.

fundamental right of marriage by "an organized group of executive employees of the federal government." (ECF No. 1, *passim*). The Petition names the United States Attorney General, in Washington, DC, and the Federal Bureau of Investigation, in El Paso, Texas, as the respondents. (*Id.* at 1, 3). The Petition lists two overarching "Questions Presented," stating as follows:

> (i) Whether governmental interference with a person's marriage resulting in separation of that marriage can be constituted as a constitutional deprivation of the first amendment right to free exercise of religious belief under the domestic legal pretext.
>
> (2) Whether governmental interference with a person's communication to the state and federal law enforcement agencies so as to prevent an investigation of a crime committed against that person can be constituted as a constitutional deprivation of the first amendment right to freedom of speech.

(*Id.* at 4). Flores then incorrectly asserts that venue is established in this judicial district because the respondent's residency or place of business is within West Virginia and the acts or omissions giving rise to the legal claims occurred here. (*Id.*)

Additionally, the Petition contains many fanciful allegations, including, but not limited to, assertions that "the organized group of executive employees of the federal government" engaged in the following conduct:

> (1) used advanced technology with a direct signal to the satellite in outer space that has the capability of calculating genetic code to cause the petitioner's Uncle Jorge Salas to suffer severe heart pain for long durations exceeding calendar years in which was equivalent in intensity to cardiac and respiratory failure leading to a heart attack and resulting in his death.
>
> (2) used their official capacity to influence the El Paso County Medical Examiners and Forensic Laboratory to fabricate autopsy documents that falsely stated that Flores's uncle died of a natural cause.
>
> (3) setup their own courts of common law with the specific intent of simulating the legal process to deprive Flores of equal protection of law by electronically filing documents which falsely portrayed the dismissal of Flores's non-frivolous legal claims.

>(4) used their advanced technology with a direct signal to the satellite in outer space to cause Flores severe mental pain in intensity equivalent to the explosion of nuclear weapons and an electric chair execution and tamper with his heart, which nearly caused his death.
>
>(5) bribed or influenced a postal employee to tamper with his legal mail and throw it in the trash.

(*Id.*, *passim*). The Petition further alleges, at great length, that the United States Department of Justice has authorized its employees to interfere with citizens' free exercise of religious beliefs without valid justification. In support of this claim, Flores asserts that the government has unlawfully interfered with the marriages of his family members by using a satellite signal to cause certain members of his family to engage in adultery and sexual misconduct, and/or to divorce in violation of their religious beliefs.

Along with the instant Petition, Flores has included a document titled "Judicial Notice of Leave of Courts Previous Order of any Filing Restrictions Against the Petition to File Petition that is Seeking Relief from Imminent Danger Such as Death in the Public Interest of Health and Safety" (ECF No. 3), which contains more of the same outrageous and fanciful allegations contained in the Petition. Flores also filed a copy of a "Motion to Transfer Multi-District Litigation to the District of Columbia Pursuant to 28 U.S.C. § 1407 for Coordinated and Consolidated Pretrial Proceedings by Judicial Panel for Multi-District Litigation," which is styled as though it were filed before the United States Judicial Panel on Multi-District Litigation. (ECF No. 4). The Judicial Panel on Multi-District Litigation issued an Order Denying Transfer. Thus, this court may proceed to review the plaintiff's case.

Flores was previously advised in his prior litigation in this court and others that, because he is not an attorney, he may not represent a class of individuals, and a class

action should not be certified when *pro se* litigants seek to represent the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *See also Flores v. United States Attorney General et al.*, No. 2:13-cv-05324, ECF No. 6 at 4; *Flores v. United States Attorney General et al.*, No. 2:14-cv-03647, ECF No. 6 at 4; *Flores v. United States Attorney General et al.*, No. 1:14-cv-00019, ECF No. 9 at 2 n.2; *Flores v. United States Attorney General et al.*, No. 4:13-cv-00525, 2013 WL 1580099, at *2 (E.D. Mo. Apr. 15, 2013) (denying Flores' request for class certification). Thus, his instant request for class certification should be similarly denied.

Additionally, Flores's claims are "fantastical and delusional," and have no arguable basis in fact. His Petition contains outrageous and unwarranted deductions of fact and is patently frivolous. "A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court need not accept irrational and wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Petition is frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, the Petition contains conclusory allegations and fails to identify any plausible claim against the defendants. Additionally, the allegations therein have no apparent nexus to the Southern District of West Virginia. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the Petition fails to state a claim upon which relief can be granted by this court and that no amendment of the Petition filed herein could remedy these deficiencies.

To the extent that the plaintiff could allege any plausible claim for relief against the respondents, the appropriate venue for such a claim is the United States District Court for Western District of Texas or the United States District Court for the District of Columbia. However, because the Petition is frivolous and fails to state a claim upon which relief can be granted, it is not in the interest of justice to transfer this matter to either of those courts.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Petition (ECF No. 2) for being frivolous and for failure to state a claim upon which relief can be granted. It is further respectfully **RECOMMENDED** that the presiding District Judge warn Flores that the continued filing of frivolous and abusive actions in this court may result in the imposition of monetary sanctions and/or filing restrictions.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>December 4, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge